Last case for argument, United States v. Gabriel, Mr. Hillis. May it please the court. Counsel. My name is Daniel Hillis and I represent John Gabriel on this appeal. He challenges the lifetime supervised release that was imposed as well as the conditions of the supervised release. The parsimony principle requires a sentence that is sufficient but not greater than necessary to achieve the statutory sentencing purposes. Here, the judge said lifetime supervised release was needed because of deviancy and the ease of the crimes commissioned with the computer. That explanation is insufficient. It doesn't account for the 3553A factors. Also, with sex offender treatment, deviancy is accounted for. It is treated. And a computer restriction addresses the technology concern. Those are the two things that fueled the judge's decision to impose lifetime supervised release. But the supervision, the computer monitoring and so on, and the sex offender treatment are all conditions of supervised release, right? Yes. So why not impose that the rest of his life, given the district court's view of this fellow's behavior and deviancy? The judge can impose the conditions, but if the conditions, if the concerns that he articulated are as a basis for the length of supervision, that is incorrect. The parsimony principle would show that the sentence could be less than lifetime supervised release with appropriate conditions that would therefore address the judge's concerns. He has instead inverted what are the driving principles for determining what are the necessary conditions and use them as a basis to extend the supervision to the longest period, as opposed to starting with a shorter amount of time, which would be consistent with the parsimony principle, include the necessary conditions and only give the sentence then of five years or some lesser period of supervision. On the theory that it's all going to work. If the conditions don't work, why impose them? Why impose supervised release for that matter? Well, monitoring for computer behavior, for example, can be very useful, I would think, for this kind of crime. And if, under your theory, the judge would have to, let's assume the fellow's younger, but the judge would have to turn, is going to survive prison, but that's the premise of the whole appeal, so we'll go with that. But under your premise, we have to turn off the monitoring after five years, right? No. You can extend the monitoring as necessary, modify the supervised release conditions, the length of supervision, all that can be tinkered with under 3583E2. So you're saying start short and then extend. It makes a special sense when the guy is 78 years old on his way to do a 15-year sentence, yes. And it's also consistent with the parsimony principle. So for all of those reasons, my answer is yes. Unless the court has additional questions about the length of supervision, I'd like to turn to the conditions of supervision. I know the government would like to say that there's waiver. Of course, we know that waiver doesn't apply to unconstitutional conditions, and we have several unconstitutional conditions. Could you first, though, let's talk about procedures here. You focused on the question the judge asked near the end of the hearing is inadequate to establish waiver. I think I understand that point. But given the district judge's orders, the district docket numbers were 86 and 93 concerning the filing of pre-sentence memoranda and warning that failure to note objections to the content of the PSR or the opposing party's sentencing memoranda may result in waiver of such objections, and later that's extended to objections to supervised release conditions recommended. So we've got that warning, we've got the advance notice, and we've got ample opportunity to present objections in the hearing, both before and after sentences imposed. That looks like a pretty strong foundation for waiver to me. Well, I'm troubled by two things in that regard, Your Honor. If the sentence is already imposed, I don't understand what he could have done other than file the appeal. Everything else that I've talked about. A written memorandum objecting to the recommended conditions, which were accompanied by explanations, as well as an oral objection when opportunities were provided. And obviously he had no intent. I mean, it's hard for me to believe that Judge Tharp wouldn't have listened to an objection even after he'd imposed a sentence. I understand that wouldn't be enough by itself, but we've got everything else leading up to that point. Sure. That's giving a heavy discount to the statutory requirements about what the judge must do. It's putting the burden squarely on the defendant, and I think that's inconsistent with the statutory requirements. Nevertheless, if I'm to accept everything that Your Honor has ticked off, we still have a problem that unconstitutional conditions survive even waivers and plea agreements. That's a waiver principle that is even stronger than the waiver principle that's at bar. So can a district judge ever get a waiver for supervised release conditions if you've got a constitutional vagueness argument? No. Waiver always survives. Excuse me. The constitutional question survives the waiver. That's consistent with this court's jurisprudence. How about a waiver of things like jury trials? I don't have a position on that because that's not here, and I don't mean that to be an inadequate answer. Your logic would go in that direction, wouldn't it? I think that you could always raise a due process concern if there's an inadequacy to the waiver. So you can always withdraw a guilty plea agreement. If the Rule 11 colloquy is inadequate, that's not even constitutional. That's not the question. You're saying that even if the Rule 11 colloquy were adequate, the constitutional right could not be waived. Well, as to the jury example, I'm not sure, but certainly an unconstitutional sentence. You're not sure that someone can waive trial by jury? If there's a knowing and intelligent waiver, of course they can. Your Honor, no disagreement. If there's a knowing and intelligent waiver, the circumstances of the waiver would be supported. I'm saying, though, in another context, if the length of the sentence, the statutory maximum is 20 years and the judge gives 30, that's unconstitutional. And if the judge says, do you have any objection to the sentence I've imposed, and the person says no, surely that person can continue to challenge the sentence on the appeal. We have unconstitutional conditions here, non-delegation principles, vagueness. All of those are constitutional challenges that the defendant is allowed to bring despite answering a question about do you have any objections, despite there being notice of the conditions in advance. That principle that I'm articulating is entirely consistent with the idea of can you always protect yourself with regard to unconstitutional aspects of a sentence? Can you waive? It depends on the circumstances. And the circumstances here show that the conditions were vague. They have non-delegation problems, Article III. Those things survive. The waiver, they survive so that we can raise the constitutional challenges. If the court is telling me that the conditions are... I find that a very strange argument. Mr. Hill is... Why would you want to prevent someone from waiving? You may have perfectly good reason to waive particular conditions, hoping that you'll get a lighter sentence because it's not interfering with the imposition of the supervised release. Right. Would you have a whole trial on whether this person really had a reason for the waiver? No, there would just have to be an adequate record, and there wasn't one here. Well, as we said in Lewis, if there's no disagreement, there's no reason for everybody to spend a lot of time fighting about something. Let me ask you about Armour. Your opening brief suggests we overrule it. Your reply brief seems to try to distinguish it. What do you want to do? Well, I'd like you to overrule it, and I think I can also distinguish it, and that's what I did. So, yes, I stated my reasons why Armour, in the limited procedural protection context of revocation, the discussion and the decision survives in Armour. I accept Armour as the law of the circuit, but this is a different context, and it has different procedural protections, and therefore Armour's applicability is suspect. Could I ask you, Mr. Hillis, you're taking the approach, I gather, that supervised release conditions, no matter what happens in the district court, can be challenged on appeal. No matter what. Constitutionality, Your Honor. Okay, but you folks have been able to raise lots of constitutional challenges to lots of conditions by hypothesizing vagueness issues. We're trying. So you're trying. I understand that's your job. But I'd ask you to address the concern that was raised in the Lewis opinion about putting victims through repeat resentencings when we've got an issue that is first raised on appeal. Particularly, I gather this victim did not want to appear at the sentencing, but she has to be contacted, right? She's supposed to be contacted, yes. And victims, particularly victims of child pornography offenses, have all kinds of long-term issues and problems. They can. What's the point? Or should we take that into account in considering whether to order resentencing on issues that were never raised in the district court? Well, Lewis made that determination, but the sentencing there I don't think had the victim either, as is the case here. So I don't know if that's really genuinely at play. And the focus about what the victim's rights are to me is secondary to what the defendant's rights are. Suppose we've got a victim who appears before the district judge. Yes. And I've certainly seen those, and I know plenty of other judges have, and I'm sure you have too, where that's a very difficult and emotional appearance. I rarely see that, but yes. Okay. I would suspect you rarely see it because it is so traumatic, but some victims of these crimes do have the courage and stamina to stand up and face their victimizers. Yes. And your logic would tell us, I gather, to give that no weight, the potential for putting somebody through that twice. It's a consideration. That's something that I would expect the advocates for the government to posit. I'm saying that my client's rights are in a category that requires me to argue about what it is in his interest and what he's allowed to do. And if the district court wishes to take that into concern, that's fine. But that does not discredit or jettison in any respect the argument that I'm making on behalf of my client. Thank you. Wait. Wait. Before you sit down, I understand some of your objections. Do you object to refrain from having unapproved contact with persons under the age of 18? The condition is not even that clear. It's about, I believe that you're not supposed to. This is your own paraphrase of it. It's my paraphrase. But the actual language of the condition is that you shall not, I'll have to turn to my brief on it, but engage in conduct that may result in contact or something along those lines. It's incredibly vague. I don't know. There's not a scienter requirement. That's a concern. And who's to know what conduct that you're going to engage in that may result in contact? Refrain from accepting employment unless it is approved by the probation office? That bothers you too? It's a non-delegation problem, Judge. What's that about? Non-delegate? What are you talking about? Probation officers are not the persons who are to sentence an individual and to make that sort of restriction. If the judge wants to, it's fine. Probation officers have a lot of discretion. They can be granted a lot of discretion. You don't want this guy going to work at a kindergarten, do you? No, but he's 78 years old. So what is wrong with requiring the probation officer's approval in order to obtain employment? I don't know why we're forcing somebody who's going to be 94 years old to have employment. Oh, come on. This guy's a monster, right? What's he doing at 80? It's a 17-year-old victim, Your Honor. Look, he's 80, right? Yeah, approximately. But he still carries on with all this bizarre behavior. Usually people age out by 80. That's true. Well, how do we know what he's going to do when he's 90? Remains to be seen. Well, why not err on the side of caution? You're dealing with a very misbehaving person. Who seems to be unusually active for an octogenarian. Sure, but erring on the side of caution is easy. I don't understand. Well, I'll answer. There's 3583E2, and you can modify as opposed to lengthen at the onset. What a waste of time to fuss about these provisions, in my opinion. Anyway, thank you. Defender, doing your best. You're welcome. Mr. Bendy? May it please the Court. Regarding the length of the term of supervised release, the argument has been made that out of prudence, a district court should start short and, if necessary, adjust upward, regarding how much and how long supervision should take place. This is really a decision that's entrusted to the discretion of the district court. What we are here to review, as I understood it from the briefing, was whether or not the district court adequately followed the statutory procedures that are laid out in 3583 and 3553A in deciding what the length of the term of supervised release should be, and the court did that. The court considered the 3553A factors and settled on a term of supervised release that it thought was appropriate under the circumstances given the history and characteristics of the defendant and what was needed in order to deter him from committing future crimes and to protect potential victims of future crimes. As for whether the length of the term could have been shorter or was appropriately justified by the district court, it's our position that the court adequately and within the statutory framework justified its choice of a term of supervised release. Regarding the conditions of supervised release, it is difficult, I think, in looking at the two months advance notice that the defendant had about the conditions that were being proposed by the probation officer, the warning from the district court that should be made if there were going to be any. The sentencing hearing began, but with the district court noting that it had certain materials before it, but asking the defendant, is there anything else you want me to consider? And the defendant starts out the hearing by saying, you know, we filed the defendant's statement, his personal statement, and that, and what we're going to argue today and what the defendant is going to say in elocution is what we want you to consider. Nothing about that had anything to do with conditions of supervised release. And then, to top it off, at the end of the sentencing hearing, when the district court had recited the conditions and asked whether there were any objections, the defendant said no, but the defendant did not merely say no. He said no, but, you know, I had thought about a condition that I was going to object to if it came up, and it didn't come up. So I have no objection. Under those circumstances, it's our position. That's about Hernandez? Pardon me? That was about Hernandez? That was about, yeah, the condition that the defendant anticipated and was going to object to was about contact with a specific individual, and that didn't come up. And so, for these reasons and for the reasons stated in the brief, we request that this court affirm the judgment. Thank you, Mr. Benjamin. Would you like another minute, Mr. Helmuth? Notice of conditions doesn't make the conditions correct. We are challenging the correctness of the conditions. They are incorrect. We've articulated our reasons for it. We ask this court to vacate and remand. Thank you. Okay. Well, thank you to both counsel. And the court will.